JUSTICE COTTER
dissents.
¶31 I strongly disagree with the Court’s decision. I would conclude that the use of Wardell’s conviction for violation of the Sexual Offender Registration Act (the Act) to place him into Persistent Felony Offender status is contrary to the intent of the Legislature in adopting the Act, and in direct contravention of this Court’s analysis of the purpose and spirit of the Act. I would therefore reverse.
¶32 As the Court correctly notes at ¶ 23, the intent of the Legislature is controlling when construing a statute. What the Court does not acknowledge is that we have previously determined the intent of the Legislature in adopting the Act. Our decision here today is completely incongruent with that determination.
¶33 In State v. Mount, 2003 MT 275, 317 Mont. 481, 78 P.3d 829, we were asked to decide whether the Act violated the ex post facto clauses of the United States or Montana Constitutions. In concluding it did not, we applied the “intents-effects” test articulated by the United States Supreme Court in Smith v. Doe (2003), 538 U.S. 84, 123 S.Ct. 1140, 155 L.Ed.2d 164. We said that the first step in analyzing an ex post facto challenge was to determine the intent of the law. Noting that the Act itself did not contain a declared purpose, we analyzed the preamble to the Act and the list of legislative concerns set forth therein. These concerns included the danger of recidivism and protection of the public, impairment of law enforcement efforts from lack of information, prevention of victimization and prompt resolution *17 of sexual or violent offenses, the offender’s reduced expectation of privacy, and the protection of specific vulnerable groups and the public in general. Mount, ¶ 44. Taking these matters into account, we said: “Hence, we conclude that the declared purpose of the Act-that of protecting the public-is nonpunitive for purposes of the first prong of our ‘intents’ analysis.” Mount, ¶ 45. We then turned to the question of whether the structure of the Act itself was nonpunitive. At ¶ 48 of our Opinion, we concluded “that the fact that the Act is codified in the code of criminal procedure does not, in and of itself, transform the Act’s nonpunitive, civil regulatory scheme into a criminal one.” (Emphasis added.) We therefore held that both the legislative intent and structure of the Act were nonpunitive.
¶34 Turning next to the “effects” step in our “intents-effects” analysis, we applied the seven Mendoza-Martinez factors articulated in Smith, 538 U.S. at 97, 123 S.Ct. at 1149, 155 L.Ed.2d 179. After analyzing the seven factors, we concluded that the effect of the Act was nonpunitive as well, noting among other things that the Act imposed no affirmative restraint or disability on Mount, that the Act was not retributive in effect, and that the Act did not impose criminal sanctions on Mount for previous conduct. Mount, ¶ 89.
¶35 What we said in Mount has evidently been relegated to the dustbin. For now, we are taking Wardell’s conviction under this non-retributive “civil regulatory scheme” and using it to elevate Wardell to the status of a persistent felony offender, with all of the attendant lifelong disabilities. While undeniably violation of the Act will subject one to a criminal sanction, it should not, if regulatory and nonpunitive in intent, be used in the breach as an instrument to enhance punishment. I submit that if we allow Wardell’s persistent felony offender conviction to stand, premised as it is solely upon his conviction under the Act, then we must overrule Mount. Either the intent and effect of the Act is nonpunitive as we unequivocally declared in Mount, or it is punitive, as we have effectively declared here today. We cannot have it both ways.
¶36 I would hold that a conviction for failure to register under the Act cannot provide the predicate offense for purposes of enhancing a criminal sentence under Montana’s persistent felony offender statute. I dissent from our refusal to so rule.
JUSTICE NELSON joins in the dissent of JUSTICE COTTER.